STATE OF IOWA, Appellee, v. HARRY SHAW, Appellant.

**WITNESSES:** Impeachment—Permissible Cross-examination. An accused in a criminal prosecution who, for the manifest purpose of placing himself in the light of an honorable and trusted character, testifies to his former membership on the police force may, on cross-examination, be shown to have secured his said position by falsely representing that he had never been convicted of a felony.

Headnote 1: 40 Cyc. p. 2617.
Headnote 1: 28 R. C. L. 621.

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

NOVEMBER 16, 1926.

Defendant appeals from a judgment of conviction of the crime of entering a bank with intent to rob.—*Affirmed.*

*Charles P. Howard,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

MORLING, J.—The only assignment of error argued is to the ruling permitting the State to show, on cross-examination of the defendant, that defendant, in a civil-service application for appointment as a police officer, stated that he had never been convicted of a felony. Defendant admits that he had, prior to that time, been convicted of a felony. It is argued that proof that he had lied about his conviction added greatly to the stigma of it, and was inflammatory and prejudicial.

Defendant took the stand in his own behalf. On direct examination, he testified that he served on the police department for four years; that he was not discharged; that he resigned. The only possible purpose of this testimony was to give the defendant, as a man and a witness, the prestige and character of one who is trusted, and has the confidence and respect of the community. If the position attained and put forward by him as entitling him to respect and credence was acquired by falsehood and deceit, he was posing before the court and the jury in a false character, and it was manifestly proper for the State, on cross-examination, to show that fact. The cross-examination was proper. There are a number of other assignments of error, but none of them are argued. The evidence amply sustains the verdict.

The judgment is—*Affirmed.*

DE GRAFF, C. J., and EVANS, STEVENS, and ALBERT, JJ., concur.